[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Reignor Horn, who is the victim in the underlying delinquency matter, has filed a petition requesting disclosure of the record of the juvenile delinquency proceedings concerning the respondent, A.J. C.
The petitioner seeks disclosure pursuant to General Statutes sec. 46b-124(e) which authorizes disclosure of the record of the case of a juvenile matter to the victim of the crime to the same extent as the record in a criminal proceeding in the regular docket of the Superior Court. The respondent opposes disclosure on the grounds that the disclosure statute does not cover the instant matter because the case was disposed of nonjudicially pursuant to General Statutes sec. 46b-128(a). After reviewing the statutory language and the relevant legislative history, the court holds that sec. 46b-124(e) applies to cases disposed of nonjudicially under sec. 46b-128(a) and authorizes disclosure of the record of the case to the victim.
General Statutes sec 46b-128(a) provides that "the record of the case of a juvenile matter involving proceedings concerning a delinquent child, or any part thereof shall be available to the victim of the crime committed by such child to the same extent as the record of the case of a defendant in a criminal proceeding in the regular criminal docket of the Superior Court is available to a victim of the crime committed by such defendant." The respondent asserts that the statute by using the language "proceedings involving a delinquent child" limits disclosure to those cases where a child has been adjudicated a delinquent. The petitioner counters that the act simply refers to those matters where a child is charged with a delinquent act.
The statute defines "child" as any person under sixteen years of age, C.G.S. sec. 46b-120(1), and "delinquent act" as the violation of any federal or state law or municipal or local ordinance, other than an ordinance regulating the behavior of a child in a family with service needs, or the violation of any CT Page 10635 order of the Superior Court, C.G.S. sec. 46b-120(10). It also states that a child may be found "delinquent" who has violated any federal or state law or municipal or local ordinance, except family with service needs ordinances, or orders of the Superior Court, C.G.S. sec. 46b-120(5). None of these definitions specifically answers the question whether the disclosure statute applies to children charged as delinquents or is limited to children adjudicated as delinquents.
"When the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature. When we are confronted, however, with ambiguity in a statute, we seek to ascertain the actual intent by looking to the words of the statute itself; the legislative history and circumstances surrounding the enactment of the statute; and the purpose the statute is to serve." (Citations omitted) Caltabianov. Planning and Zoning Commission, 211 Conn. 662, 666 (1989). Section 46b-124(e) was added by the legislature in 1995 as part of a comprehensive revision of the disclosure statute. See P.A. 95-225. The purpose of the enactment was to provide victims in juvenile delinquency proceedings with the same rights of access to information available to victims in adult proceedings. See e.g. 38 H.R. Proc., Pt. 16, 1995 Sess., p. 2939, remarks of Rep. Lawlor stating that "[w]e have provided specifically in this bill that victims who are — which is a concept specifically defined already in our law, victims would have the same rights in the juvenile court as they do in the adult court."
Disclosure of information to victims involved in adult criminal proceedings is not limited to cases in which the defendant has been convicted of a crime. For example, pursuant to General Statutes sec 51-286e(b), victims in adult court possess the right to be notified of pending judicial proceedings, including the arrest, arraignment and release of the defendant, as well as "proceedings in the prosecution of the defendant". It is apparent from the legislative history surrounding Section46b-124(e) that the legislature similarly intended that victims in delinquency proceedings have access to information prior to any adjudication of delinquency. See 38 H.R. Proc., Pt. 16, 1995 Sess., p. 2939, remarks of Rep. Lawlor stating that "the victim of a crime [committed by a juvenile] could find out any information about the pendency of a case" and that the victim rights bill will allow the victim "simply to know what's going on". CT Page 10636
The legislative purpose of expanding disclosure to victims which underlies the enactment of the sec. 46b-124(e) would be undermined by the restrictive interpretation of the statute urged by the respondent. Victims in delinquency proceedings would receive no information during the pendency of the proceedings and would not be able to participate in the process. Victims would also be left completely in the dark as to any disposition that did not involve an adjudication of delinquency. This interpretation not only conflicts with the legislative purpose behind the disclosure statute it also clashes with the provisions of General Statutes sec. 46b-138b which gives victims the right to appear before the court at a delinquency proceeding for the purpose of making a statement to the court concerning the disposition of the case.
The petition for disclosure is granted. The petitioner may view and request copies of the court's record of the juvenile delinquency proceedings concerning A.J. C. Pursuant to General Statutes sec. 46b-124(e), the records shall not be further disclosed by the petitioner.
BY THE COURT
Judge Jon M. Alander